IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL JASON JOHNSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR EARLY RELEASE<br><br><br><br>Case No. 2:10-CR-1008 TS |

      This matter is before the Court on a letter received from Defendant requesting assistance in obtaining early release to a halfway house in Kansas.[1]  Defendant's letter will be construed as a Motion for Early Release.

      Defendant was sentenced to 45 months imprisonment on April 25, 2011.  In his Motion, Defendant requests that he be allowed 4-6 months in a halfway house prior to his release from custody.  Defendant would also like to be released to Kansas, rather than Utah, as that is the jurisdiction where he appears to claim residence.  Defendant indicates that the Bureau of Prisons

---

[1]Docket No. 45.

1

("BOP") has denied both these requests in part because Defendant has two outstanding warrants for probation violations in the State of Kansas.

Courts considering similar claims regarding the BOP's decision not to grant time in a Residential Reentry Center have found that such claims challenge the execution of the sentence and are properly brought as a petition under 28 U.S.C. § 2241.[2] A petition under § 2241 must be brought in the district in which Defendant is incarcerated. Since Petitioner is not incarcerated in this district, the Court is without jurisdiction to consider this claim.

It is therefore

ORDERED that Defendant's Motion for Early Release (Docket No. 46) is DENIED WITHOUT PREJUDICE to it being brought as a § 2241 petition in the district in which Defendant is incarcerated.

DATED   July 23, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *See Lyle v. Sivley*, 805 F. Supp. 755 (D. Ariz. 1992) (considering a similarly situated defendant's petition for habeas corpus pursuant to 28 U.S.C. § 2241 where defendant requested "that the [c]ourt order respondent to immediately place [the defendant] in an appropriate pre-release program"); *see also United States v. Acevedo*, 7 F. App'x 850, 851 n.2 (10th Cir. 2001) (Defendant's "equal protection challenge to the differential treatment he receives as a deportable alien in the federal prison system is not properly brought under § 2255, but should have been filed under 28 U.S.C. § 2241, because it concerns the execution, rather than the imposition, of his sentence.").